## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TIMOTHY E. KECK, SECRETARY OF THE KANSAS DEPARTMENT FOR AGING AND DISABILITY SERVICES,** )<br><br>**PLAINTIFF,** )<br>**v.** )<br><br>**JOSEPH SCHWARTZ, ROSIE SCHWARTZ, LOUIS SCHWARTZ, MICHAEL SCHWARTZ, SKYLINE HEALTHCARE, LLC, and DOROTHY HEALTHCARE MANAGEMENT, LLC,** )<br><br>**DEFENDANTS.** ) | **CASE NO. 5:18-CV-4062** |

**TIMOTHY E. KECK, SECRETARY OF THE
KANSAS DEPARTMENT FOR AGING
AND DISABILITY SERVICES,**

          **PLAINTIFF,**

**v.**          **CASE NO. 5:18-CV-4062**

**JOSEPH SCHWARTZ,
ROSIE SCHWARTZ,
LOUIS SCHWARTZ,
MICHAEL SCHWARTZ,
SKYLINE HEALTHCARE, LLC, and
DOROTHY HEALTHCARE MANAGEMENT, LLC,**

          **DEFENDANTS.**

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Comes now, Timothy E. Keck, Secretary of the Kansas Department for Aging and Disability Services (hereinafter "KDADS" and/or "Secretary"), by and through his attorney, Bryan W. Smith, and for his cause of action alleges and states as follows:

### PARTIES

1.    The Defendant, Joseph Schwartz (hereinafter referred to as "Schwartz"), is a resident of the State of New Jersey and may be served with process at 505 Marlboro Road, Woodridge, New Jersey, 07075.

2.    The Defendants, Rosie Schwartz, Louis Schwartz and Michael Schwartz (hereinafter referred to as "Schwartz"), are also residents of the State of New Jersey and may be served with process at 505 Marlboro Road, Woodridge, New Jersey, 07075.

3.      Defendant Skyline Healthcare, LLC (hereinafter referred to as "Skyline") operates multiple adult care homes in the State of Kansas, licensed by the Secretary, and may be served by serving Joseph Schwartz, at 505 Marlboro Road, Woodridge, New Jersey, 07075.

4.      Defendant Dorothy Healthcare Management, LLC is a wholly owned or controlled subsidiary Skyline as a foreign LLC, whose Resident Agent is Cogency Global, Inc., and may be served with process at 2101 SW 21st Street, Topeka, Kansas, 66604.

### JURISDICTION AND VENUE

5.      Plaintiff hereby incorporates Paragraphs 1 through 4 as though fully set forth herein.

6.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(c) and 28 U.S.C. § 1331.

7.      Venue lies with this District Court pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1367.

8.      The Court has jurisdiction over the Defendants based upon their transaction of business within this judicial district.

### INTRODUCTION

9.      Plaintiff hereby incorporates Paragraphs 1 through 8 as though fully set forth herein.

10.     The Defendants, Joseph Schwartz and Rosie Schwartz are the alter ego of Great Plains Healthcare, LLC organized in the State of Kansas, which is the sole member of 15 limited Liability Companies created for each Skilled Nursing Facility (SNF) Defendants operated in Kansas; Joseph Schwartz and Rosie Schwartz each claim 50% ownership interest in Great Plains Healthcare, LLC.

2

11.     The Schwartz Defendants directly and indirectly operated and controlled 15 nursing homes in the State of Kansas utilizing the shell corporate defendants named herein and through Great Plains Healthcare, LLC, doing business as Skyline Healthcare, LLC.

12.     Upon information and belief, Defendant Joseph Schwartz is listed as 100% owner of similar organizations in Arkansas that manage and operate skilled nursing facilities, including Skyline Services Group, LLC, and JS Highland Holdings, LLC and each is associated with an address of 505 Marlboro Road, Woodridge, New Jersey, 07075.

13.     All corporate entity defendants share the same resident address of the Schwartz Defendants, 505 Marlboro Road, Woodridge, New Jersey, 07075.

14.     The Defendants provided these 15 Kansas nursing homes with various administrative and management services through Dorothy Healthcare Management, LLC, wholly owned by Defendant Joseph Schwartz.

15.     Joseph Schwartz signed a Management Agreement as the principal for each of the 15 Skyline Facilities on November 1, 2016 to manage those facilities.

16.     In addition, Joseph Schwartz is the Operator for each of the Skyline Facilities and signed an Operating Agreement on November 1, 2016. (Management Agreement Attached hereto as Exhibit A.)

17.     Upon information and belief, Defendant Joseph Schwartz created a complex network of entities in the State of Kansas and elsewhere to hide the reality that Defendant Joseph Schwartz and Rosie Schwartz as principal operators and managers of the 15 facilities at the heart of this action.

18.     Defendants Michael Schwartz and Louis Schwartz acted in concert with Defendant Joseph Schwartz to alter the cost reporting figures to inflate the per diem

reimbursement rates that were calculated based on the information Defendants provided KDADS.

19.     Defendant Joseph Schwartz is the sole member of Great Plains Healthcare, LLC, d.b.a. Skyline Healthcare and Dorothy Healthcare management LLC, thereby making Mr. Schwartz the effective owner of all LLC Defendants.  Lansing Provider Agreement, Schedule B, Attached hereto as Exhibit B.)  (All of the agreements are the same except for the identity of the facility.)

20.     From November 2016 to March 2018, the Schwartz Defendants, through Great Plains Healthcare, LLC, Skyline Healthcare, LLC and the 15 nursing home facilities, jointly and deliberately collected daily per diem reimbursements from Medicaid and converted those funds to their own use rather than for paying for the costs to operate the nursing home facilities.

21.     The Defendants effectively syphoned cash from the nursing homes depleting them of the ability to make payroll, purchase patient supplies and food, and to otherwise provide the quality care that the residents in the nursing homes deserve.

22.     That said actions were part of a nationwide scheme orchestrated by the Defendants to defraud the United States of America, individual states, including the State of Kansas, nursing home residents and employees by representing to the Plaintiff that the entities were adequately capitalized to operate nursing home facilities and fraudulently supplying supporting documents in the form of cost reports that grossly and fraudulently overinflated the cost of operations to receive Medicaid reimbursements.

23.     From about November 2016 to March 2010, the Schwartz Defendants through the shell organizations of Dorothy Healthcare Management, LLC, Skyline Healthcare, LLC and Great Plains Healthcare, LLC deliberately withheld premium payments from employees'

paychecks for health insurance and other benefits but did not purchase health insurance for the employees.

24.     Defendants were either inadequately capitalized to meet the payroll obligations, including benefits, or converted the funds to their own use. Payroll is a Project Expense factored into the calculation of Medicaid reimbursement rates.

25.     Upon information and belief, from about November 2016 to March 2018, the Schwartz Defendants through the sham organizations of Dorothy Healthcare Management, LLC, Skyline Healthcare, LLC and Great Plains Healthcare, LLC collected payments from Medicaid and failed to pay the pharmacy bills incurred for patient care totaling at least $1,000,000.

26.     This was a willful omission in furtherance of the scheme to defraud the State of Kansas.

27.     Within the State of Kansas, the Defendants, Joseph Schwartz and Rosie Schwartz, through their alter ego, Great Plains Healthcare, LLC, and operating facilities through Dorothy Management, LLC, and Skyline Healthcare, LLC, were operating or attempting to operate the following facilities that were incorporated in Kansas August 2016:

| **Facility Name** | **County** |
|---|---|
| Chase County Care & Rehabilitation Center, LLC | Chase |
| Downs Care & Rehabilitation Center, LLC | Osborne |
| Edwardsville Care & Rehabilitation Center, LLC | Wyandotte |
| El Dorado Care & Rehabilitation Center, LLC | Butler |
| Eskridge Care & Rehabilitation Center, LLC | Wabaunsee |
| Kaw River Care & Rehabilitation Center, LLC | Wyandotte |
| Lansing Care & Rehabilitation Center, LLC | Leavenworth |
| Neodesha Care & Rehabilitation Center, LLC | Wilson |
| Parkway Care & Rehabilitation Center, LLC | Wyandotte |
| Pittsburg Care & Rehabilitation Center, LLC | Crawford |
| Spring Hill Care & Rehabilitation Center, LLC | Johnson |
| Wakefield Care & Rehabilitation Center, LLC | Clay |
| Wellington Care & Rehabilitation Center, LLC | Sumner |
| Wichita Care & Rehabilitation Center, LLC | Sedgwick |

5

Wilson Care & Rehabilitation Center, LLC                    Ellsworth

28.     Joseph Schwartz is either a direct or indirect member of all of the facility

operators listed above. (Representative example Lansing Provider Agreement, Schedule B,

Attached hereto as Exhibit B.)

29.     Defendant Joseph Schwartz signed Operations Transfer Agreements on behalf of

Skyline Healthcare, LLC, of which he is 100 % member, purporting to be manager of the nursing

facility.

30.     Defendant Louis Schwartz is listed as VP of Mergers and Acquisitions.

(Representative example Wellington Care & Rehabilitation, LLC, Operations Transfer

Agreement, Attached hereto as Exhibit C.)

31.     On March 28, 2017, the Secretary filed an Application for the Appointment of a

Receiver pursuant to K.S.A. 39-954 and a Motion for Ex Parte Temporary Restraining Order.

32.     On April 6, 2018, the Supreme Court of Kansas, pursuant to K.S.A. 60-242

granted a Motion for Consolidation of Multi-District Litigation and Transfer the cases to the

District Court of Johnson County under case number 2018-CV-1688.

33.     The Schwartz Defendants exercised complete domination and control of the

finances, policies and business practices of all Defendant organizations. Great Plains Healthcare,

LLC, is the sole member of operators listed in paragraph 16.

34.     Upon information and belief, the Schwartz Defendants comingled revenue from

all 15 facilities in one common account owned by Great Plains Healthcare, LLC, and checks

were written to KDADS on that common account.

35.     The corporate entities were mirror instruments of the Defendants Schwartz.

36.     In a March 2, 2018 letter from Defendant Louis Schwartz to Plaintiff, Louis Schwartz used the name of Skyline and Great Plains interchangeably, indicating that there was no distinction between those entities. (Attached hereto as Exhibit D.)

37.     The subsidiaries and corporate defendants acted only as alter egos of Defendants Schwartz. Every organization purported to be a distinct entity lists Defendant Joseph Schwartz as 100% owner, except for Great Plains Healthcare, LLC, which lists Joseph Schwartz as 50% member and Rosie Schwartz as 50% member.

38.     Upon information and belief, Skyline and Dorothy Healthcare were grossly undercapitalized and remain so as of this date.

## COUNT I

### Breach of Fiduciary Duty

39.     Plaintiff hereby incorporates Paragraphs 1 through 38 as though fully set forth herein.

40.     The Defendants owned fiduciary duty to the residents and employees of the nursing homes controlled, operated and/or serviced by Defendants.

41.     The Defendants withheld funds from employee paychecks to utilize those funds as represented, and received funds from the Medicaid program as reimbursement for operating expenses which include employee health insurance, resident pharmacy costs, food for residents, and payment of State bed taxes.

42.     The Defendants breached their fiduciary duty by failing to provide health insurance with the funds withheld from employee paychecks, failing to pay pharmacy costs, failing to purchase food for residents, and failing to pay the State bed taxes.

7

43.     As a direct and proximate result of this breach, the State of Kansas has incurred substantial expenses funding insurance for employees who were not provided with health insurance.

44.     Further, Defendants did not purchase supplies and other items necessary for the operation of the nursing homes thereby causing the State of Kansas to incur substantial sums purchasing and providing the items that should have been purchased and provided by Defendants.

Wherefore, Secretary Keck prays for judgment against the Defendants and each of them in an amount in excess of $75,000, for costs and for such other and further relief as the Court deems just and equitable.

## COUNT II

## FRAUD

45.     Plaintiff hereby incorporates Paragraphs 1 through 44 as though fully set forth herein.

46.     Defendants Dorothy Healthcare Management, LLC and Great Plains Healthcare, LLC d/b/a Skyline applied for permission to provide nursing home related services through the 15 named entities across Kansas.

47.     These entities are "skilled nursing facilities" within the meaning of K.S.A. 75-7435 (a)(2). Defendants sought licensure for these SNFs pursuant to K.S.A. 39-926, and provided information regarding finances and ability to pay pursuant to K.S.A. 39-927.

48.     Defendants applied for and received licenses for each of the 15 facilities through the KDADS.

49.   Each skilled nursing facility is required to pay a bed tax per "licensed bed" imposed as an annual assessment by the Secretary of Health and Environment and paid quarterly, with one fourth of the annual amount due by the 30th day after the end of the month of each calendar quarter." K.S.A. 75-7435 (b)(1).

50.   Defendants have taken active steps to defraud the State of Kansas by failing to pay a required bed tax for each licensed bed but using the charged bed tax in the cost report to determine reimbursement rates, by failing to pay the pharmacy bills of residents and failing to provide proper and adequate nutrition to residents.

51.   Nursing homes are paid on a per diem basis, K.A.R. 129-10-15a(a), and are "based on an audit or desk review of the costs reported to provide resident care in each facility." K.A.R. 129-10-15b(a).

52.   Each facility incurred licensed bed assessments ("bed tax") for 2016-17. K.A.R. 129-10-31 requires the bed tax debt is paid by nursing home operators to the State of Kansas based on a state fiscal year per licensed bed. K.A.R. 129-10-31.

53.   Skyline Healthcare is $249,490.67 in arrears in quality care assessment payments as of 3/29/2018, and to date, the nursing homes operated by the Defendants have approximately $400,000-$500,000 in unpaid bed taxes.

54.   The State of Kansas provides funding to MCOs (managed care organizations) which is funded by State and Federal money,

55.   These MCOs act as an intermediary on behalf of the State to distribute the money to Defendant Joseph Schwartz, through Skyline Healthcare, LLC, Great Plains Healthcare, LLC, Dorothy Healthcare Management and the 15 SNF that were handling Medicaid patients and submitted claims for reimbursement.

9

56.     Defendants represented that they were adequately capitalized to meet these obligations. Further, Defendants supplied cost reports that included expenses they claimed to have paid in FY2017 that had not been paid. This is in furtherance of their fraudulent scheme.

57.     Defendants Joseph Schwartz and Louis Schwartz lobbied the Plaintiff for Medicaid Rate Rebase to increase the per diem rate in each facility by letter on March 2, 2018 letter on Skyline letterhead, signed by Louis Schwartz as VP of Great Plains Healthcare, LLC. (Exhibit D.)

58.     Defendants claimed that the per diem rate Medicaid reimbursement rate should be increased from an average of $168 to an average of $234 based on the cost reports of FY2017 that fraudulently inflated the cost of operation.

59.     Plaintiff relied on the accuracy of these records to set the Medicaid reimbursement rate, pursuant to Operator Agreement Paragraph 14 of each facility operating agreement, which provides:

> The nursing facility provider agrees to retain responsibility for cost reports submitted to the Kansas Department for Aging and Disability Services and for information contained therein. The nursing facility provider recognizes that the required cost reports will be used to determine the Medicaid rate of reimbursement and agrees to submit accurate, complete, and timely cost reports.

(Representative document: Lansing Provider Agreement, Attached hereto as Exhibit B.)

60.     Management Agreements signed by Defendant Joseph Schwartz required the Manager, Dorothy Healthcare Management, LLC, to pay Project Expenses as necessary to comply with State regulations and to provide quality care.

61.     Among those expenses were licensed bed assessments, commonly referred to as "bed tax" imposed for each licensed bed for each facility.

62.     The bed tax is reimbursed through the Medicaid Per Diem rate established by consideration of operating expenses reflected in annual cost reports.

63.     Defendants through Dorothy Healthcare Management, LLC and Skyline collected revenue including per diem Medicaid reimbursements and deposited the same in a common operation account at Congressional Bank in Bethesda, Maryland in the name of Great Plains Healthcare, LLC.

64.     Since August of 2017, 18 checks received from Great Plains Healthcare, LLC, d/b/a Skyline, associated with bed tax for each facility had bounced.

65.     Each of the 15 Nursing Home Facilities had a designation as payor on that account owned by Great Plains Healthcare, LLC.

66.     The checks were issued from Defendant Great Plains Healthcare, LLC, for bed taxes.

67.     Several of the checks were returned for insufficient funds when presented again for payment.

68.     Neither great Plains Healthcare, LLC, Skyline, nor Dorothy Healthcare Management, LLC made the required payments for bed tax arrears.

69.     The amount of the bed tax paid by the nursing home is a factor in determining how much a nursing home is paid per diem. K.A.R. 129-10-15a.

70.     Defendants made materially false statements in violation of 42 U.S.C.A. § 1320a-7b(a)(4) as they were made to induce the State to set Medicaid reimbursement rates that they received and converted to their own use.

71.     Therefore, it is the position of the State that the defendants received payment from the State through the MCO's that included payment for the per diem bed tax but then failed to pay the per diem bed tax.

72.     Defendants have made material misrepresentations of material facts by representing that Skyline, Dorothy Healthcare, and the 15 limited liability companies operating the nursing facilities were validly operating and separately existing business entities and adequately capitalized to do business.

73.     These Defendants are embroiled in litigation for similar schemes throughout the United States and in states including but not limited to Nebraska, South Dakota, Pennsylvania, Florida and Arkansas.

74.     Defendants knew or should have known that they were not adequately capitalized to operate 15 SNF in Kansas. This was a material misrepresentation.

75.     KDADS relied on these representations in entering into contract with Defendants to operate the 15 facilities.

76.     Defendant Joseph Schwartz is the principal for all the businesses purporting to be distinct separate entities for operation of skilled nursing facilities in Kansas from November 2016 to March 2018.

77.     Plaintiff relied on these representations of distinct separate entities in authorizing Defendant Schwartz to operate and manage nursing facilities in this State.

78.     The Citizens of the State of Kansas as represented by the Plaintiff were damaged financially because Plaintiff relied on the representation of Defendants that they were adequately capitalized and could meet all financial obligations prior to receiving any Medicaid reimbursements.

79.     The State of Kansas was injured by issuing Medicaid reimbursements based on fraudulent information and stepping in to appoint a receiver for each of the 15 facilities.

80.     Plaintiff and the approximately 845 residents of these nursing facilities will continue to be injured by dilution of Medicaid funds and the department's annual operating budget to ensure quality care for which they seek redress.

Wherefore, Secretary Keck prays for judgment against the Defendants and each of them in an amount in excess of $75,000, for costs and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

SMITH LAW FIRM

 /s/ Bryan W. Smith
Bryan W. Smith, KS 15473; MO 43916
5930 SW 29th Street, Suite 200
Topeka, KS  66614-2538
Phone:  785-234-2453
Fax:  785-234-2472
Email:  bryan@bryansmithlaw.com
Attorney for Defendant

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, by and through counsel, Bryan W. Smith, and hereby demands a trial by jury.

 /s/ Bryan W. Smith
Bryan W. Smith, KS 15473; MO 43916
Attorney for Plaintiff

## CERTIFICATE OF NOTIFICATION

The undersigned certifies that the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system on December 21, 2018, which sends electronic notification of such filing to all entities electronically registered on this matter.

 /s/ Bryan W. Smith
Bryan W. Smith, KS 15473; MO 43916
Attorney for Plaintiff